## BARNEY vs. NORTON.

In an action on a promissory note, brought by the indorsee, who had taken it
when over-due, the defendant filed his account against the *payee* up to the
time of the indorsement, in set-off. *Held*, that it was competent for the plain-
tiff to exhibit proof of the payee's account against the defendant, or other re-
pelling evidence against the off-set.

The Judge in his instructions to the jury, is not obliged to give his opinion
upon legal propositions put by counsel, by way of hypothesis, not growing out
of the facts proved.

THIS was an action of *assumpsit*, commenced *Nov.* 19, 1832,
by the indorsee of a note, dated *Dec.* 9, 1826, wherein the de-
fendant promised to pay one *Thomas Kimball*, or order, forty
dollars on demand, after the then next term of the C. C. Pleas,
for this county. The defendant filed in set-off an account against
said *Kimball*, for the use of a horse six years, at $10 a year, and
the use of two beds for one year, for which he charged $18.

On trial before *Ruggles J.* in the C. C. Pleas, the defendant,
to prove that the note was indorsed to the plaintiff, after it had
been long over-due, and that *Kimball* had had the use of said
horse and beds as charged, offered said *Kimball* as a witness, who
objected to being sworn on account of his interest in the suit.
The objection being overruled, he testified, that he indorsed the
note four or five years after the same was over-due, and that he
had had the use of the articles as charged. That the horse was
originally his — was of the value of $100 — and that he had
sold him to the defendant on the day of the date of the note in
suit, and that the note was given as payment therefor. That the
horse had never been received by *Norton*, but had always been
in the possession and use of him, the said *Kimball* — that, there
was no contract in regard to the price, or that any thing should be
allowed the defendant for the use of the horse — that, it was his
understanding that nothing was to be allowed, but that he, the wit-
ness, conceived the horse not to be *Norton's*, until after the witness
had done with the use of him. He further testified that he took
the beds of the plaintiff 14 years ago — that they were valued at
$160, and were to be the witness' property when he should have
paid that sum for them — that, he had paid about $16 yearly up-

on an average up to the time of a settlement made between themselves in 1831, and that he had paid in all, more than they were valued at.

Upon inquiry by the plaintiff's counsel, which was objected to by the defendant, contending that nothing but the note and account in off-set could be inquired into in this action, and which objection was overruled, the witness stated that about two years ago he made out his account against the defendant, and that he " conceived" the defendant to be indebted to him in about $60. But that in this account he had not credited any thing for the horse or beds, or for the use of either of them.

The defendant's counsel requested the Judge to instruct the jury, that, if they believed from the evidence that the making of the bill of sale of the horse, and the giving of the note therefor was for the purpose of securing the horse to *Kimball* against the attachment of his creditors, and that the horse was still by agreement to be the property of *Kimball*, the note could not be recovered either by *Kimball* or the plaintiff, taking it, as he did, long after it was over-due. But the Judge instructed the jury that it was not competent for the defendant to avail himself of this defence.

The defendant's counsel further requested the Judge to instruct the jury, that if satisfied from the evidence that this use of the horse and beds, as charged in the account in off-set, had never been settled for and allowed by *Kimball*, they should ascertain what would be a just compensation for the use thereof, and if the same should amount to the sum or more than the sum due on the note, their verdict should be for the defendant — but if less than the sum due on the note, then their verdict should be for the plaintiff for the difference only. The Judge refused to give that direction; but instructed the jury that the defendant's right of set-off was limited to the balance, if any, which they should be satisfied from the testimony was due from *Kimball* to the defendant, upon a full adjustment of all their mutual accounts of every description, at the time the note was indorsed to the plaintiff; and further directed them, that if no such balance was found due to the defendant they should return a verdict for the plaintiff for the amount due on the note — which they accordingly did.

To which ruling and instructions the defendant excepted and brought the case up to this Court.

*Boutelle*, for the defendant, contended, that the note having been indorsed when over-due was liable to the same defence in the hands of the indorser, as it would have been if the action thereon had been in the name of the payee.

No action could have been maintained on this note by *Kimball*, inasmuch as the transfer of the property and giving of the note, was for the purpose of covering the property and keeping it from *Kimball's* creditors. When the parties are *in pari delictu*, the maxim applies *melior est conditio defendentis*. *Worcester* v. *Eaton*, 11 *Mass*. 368.

2. The inquiry in regard to the accounts should have been restricted to that filed in set-off. If *Kimball* did not join his account with the note, it was his misfortune.

*Wells*, for the plaintiff, cited *Peabody* v. *Peters & al*. 5 *Pick.* 1 ; *Stockbridge* v. *Damon*, 5 *Pick.* 223 ; *Sargent* v. *Southgate*, 5 *Pick.* 312; *Parker* v. *Gregory*, 8 *Pick.* 165.

WESTON J. delivered the opinion of the Court, at *Cumberland*, in *August* ensuing.

The note in controversy, having been indorsed to the plaintiff some years after it was payable, if not then recoverable by the payee, it cannot be recovered by the plaintiff. The defendant is entitled to the benefit of any off-set, which at the time of the indorsement existed against the payee.

In *Peabody* v. *Peters*, 5 *Pick.* 1, the Court appear to have doubted whether any off-set could be filed, except between the original parties ; although it was admitted that the defendant might avail himself of any such matter in evidence. In a subsequent case, *Sargent* v. *Southgate*, 5 *Pick.* 312, they held that an account in off-set was necessary to be filed against the indorsee, to avail the defendant, unless he could prove that the subject matter of the off-set was agreed to be applied specifically in payment of the note. No such agreement is pretended here, and according to the case last cited, an account was properly filed in off-set, and the defendant could have the benefit of no charges, not thus filed. But the off-set may be disproved. It may be shown to have been

otherwise discharged. In order to be allowed against the note, it ought to appear that the defendant really had such a claim against the payee. That is the only ground in law or equity, upon which it can be set up. Repelling evidence against the off-set, was properly admitted. It is required to be filed, that the party to be charged with it may have notice, and come prepared to controvert its validity. All the evidence bearing upon the fairness of the off-set, was correctly left to the jury, and they have settled it.

One point taken in defence, is not entitled to special favor. The Judge was requested to instruct the jury, that if the horse, which formed the consideration of the note, was sold by the payee, and bought by the defendant, to defraud the payee's creditors, the note could not be recovered. The Judge declined so to instruct them; and this is made one ground of exceptions. We must take the case as it is presented to us, and cannot go out of it for facts, which do not there appear. There is no evidence that the payee was insolvent, that he had any creditors, or that the sale of the horse was made, or the note taken, with any fraudulent views whatever. There is nothing in the case reported, calling for the instruction requested, even if it was warranted and required by law, upon the facts assumed.

If the Judge declines to lay down the law applicable to the case on trial, as it ought to be, exceptions may be taken, and will be sustained. But he is not obliged to give his opinion upon legal propositions put by way of hypothesis, not growing out of the facts proved. It would tend to embarrass a jury, and to withdraw their attention from the points in controversy. We are of opinion the instructions were rightfully withheld, because we see nothing in the case, which rendered them suitable and proper.

The exceptions are accordingly overruled.

*Judgment on the verdict.*